# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DENNIS McCABE,

       Plaintiff,

vs.

MICHAEL FLAMM et al.,

       Defendants.

3:15-cv-00041-RCJ-VPC

**ORDER**

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), submitted a civil rights complaint under 42 U.S.C. § 1983 and filed an application to proceed *in forma pauperis*. (ECF No. 1).  The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.  SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any civil case "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2).  In addition to screening requirements under § 1915A, under the Prison Litigation Reform Act, the court must dismiss the case if "the allegation of poverty is untrue" or

if the court determines the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

Dismissal for failure to state a claim under § 1915A incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). To survive § 1915A review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court liberally construes *pro se* civil rights complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quoting *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986)).

## II. SCREENING OF COMPLAINT

Plaintiff brings a complaint under 42 U.S.C. § 1983, asserting claims for violations of the First, Eighth, and Fourteenth Amendments against Defendants Michael Flamm and Isidro Baca. (Compl. 4–9, ECF No. 1-1). Plaintiff seeks monetary and injunctive relief. (*Id.* at 13).

### A. Count One

Plaintiff alleges that he is a sixty-six year old prisoner who has been incarcerated for the last thirty-five years and that he is required to sit in a wheelchair most of the time. (*Id.* at 7). Plaintiff claims that on June 25, 2014, Defendant Michael Flamm, who is a correctional officer, made a death threat against Plaintiff during the morning pill call. (*Id.* at 3–4, 8). Specifically, Plaintiff alleges that he has problems swallowing his pills due to multiple spinal surgeries and that when he attempted to swallow the two Tylenol pills provided to him, only one went down. (*Id.* at 4). When Flamm saw the other pill still in Plaintiff's mouth, he allegedly asked Plaintiff "are you some kind of fucking idiot," to which Plaintiff asked "why." (*Id.*). Plaintiff claims that Flamm then said "there's a fucking pill under your tongue." (*Id.*). Plaintiff then took another drink of water and swallowed the remaining pill, but Flamm ordered Plaintiff's wheelchair pusher to move Plaintiff's wheelchair to the side of the walkway and wait. (*Id.* at 4–5).

Plaintiff alleges that while he was waiting as instructed by Flamm, another corrections officer asked why he was waiting and that Plaintiff explained what had transpired with Defendant Flamm. (*Id.* at 5). Flamm then allegedly spun around and said "do you want to repeat your fucking lie?" (*Id.*). Plaintiff alleges he responded "I'm not lying it's exactly as I just said sergeant." (*Id.*). Plaintiff alleges that Flamm then stated "do you think I give a shit about that fucking wheelchair, I'll yank your ass out of that wheelchair and smash your face into the

3

fucking concrete." (*Id.*). Plaintiff contends that following the incident, he was held in a cell all morning and written up by Defendant Flamm. (*Id.* at 5).

According to Plaintiff, the incident was recorded on the prison's surveillance cameras and was reviewed by a shift sergeant. (*Id.* at 5–6). Plaintiff claims that after reviewing the surveillance video, the shift sergeant acknowledged Plaintiff was telling the truth about what had transpired, stated that Flamm's write-up made "no sense," and recommended that Plaintiff should proceed with the prison's grievance procedures and Plaintiff's attorney's recommendations. (*Id.*). Plaintiff alleges that he filed an informal grievance on June 25, 2014, and formal grievances on August 4, 2014 and August 28, 2014. (*Id.* at 12). In support of his complaint, Plaintiff submits a letter prepared by a medical expert in another case that describes Plaintiff's health problems and affidavits of three witnesses to the incident. (*Id.* at 15–33).

Plaintiff alleges that the incident involving Defendant Flamm oppressed Plaintiff's First Amendment rights and constituted cruel and unusual punishment. (*Id.* at 7). Plaintiff further alleges that the incident deprived him of his Fourteenth Amendment due process rights. (*Id.* at 4). The Court understands Plaintiff to be asserting claims for retaliation based on Plaintiff's exercise of his First Amendment rights, for verbal harassment in violation of the Eighth Amendment, and for violation of Plaintiff's Fourteenth Amendment due process rights.

**1. First Amendment Retaliation**

Under the First Amendment, prisoners retain the right to file prison grievances and to engage in civil litigation. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). "Retaliation against prisoners for their exercise of this right is itself a constitutional violation, and prohibited as a matter of 'clearly established law.'" *Id.* (quoting *Rhodes v. Robinson*, 408 F.3d 559, 566 (9th Cir. 2005)). "Within the prison context, a viable claim of First Amendment retaliation entails

five basic elements: (1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment right, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567–68.

Plaintiff's allegations fall well short of plausibly stating a claim for retaliation based on an exercise of his First Amendment rights. First and foremost, Plaintiff does not allege that he was engaged in protected activity when Flamm ordered him to the side of the walkway, when Flamm wrote Plaintiff up, or when Plaintiff was placed in the holding cell. These alleged actions by Defendant Flamm were not in response to Plaintiff filing any sort of grievance or attempting to engage in litigation. Rather, these actions were in response to Plaintiff's inability to swallow his pill. While Flamm's conduct was perhaps an overreaction to the situation, they can in no way be construed as retaliation against Plaintiff's exercise of constitutional rights.

Furthermore, the informal and formal grievances that Plaintiff filed again Flamm are proof that Flamm's actions did not chill Plaintiff's exercise of his First Amendment rights, or that the incident would have chilled or silenced a person of ordinary firmness from future First Amendment activity, *see Brodheim*, 584 F.3d at 1271. Indeed, there are no allegations whatsoever that Flamm attempted to impede Plaintiff's pursuit of this litigation or that Plaintiff felt any trepidation in pursuing his claims. Even under an objective standard, there is no indication that a person of ordinary firmness would have been hesitant to proceed.

Finally, Plaintiff fails to show that Flamm's actions did not serve a legitimate penological interest. For obvious reasons, including inmate safety, inmates are required to swallow pills immediately after administration provides the medication. Upon Flamm's examination, it appeared as though Plaintiff chose not to swallow his pill. There is no indication in the record

that Flamm knew or should have known of Plaintiff's difficulty to swallow, and in an effort to maintain order, it is understandable that Flamm would require Plaintiff to immediately swallow his pill.  Again, Flamm's reaction to Plaintiff's initial failure to swallow the pill may have been abrupt and even offensive to Plaintiff, but that does not negate the fact that Flamm was ensuring that the pill was swallowed.  Flamm's subsequent order that Plaintiff wait, the write-up that followed, and Plaintiff's time in the cell can all be traced to him not swallowing the pill, not to any attempt on Flamm's part to retaliate against Plaintiff for engaging in protected speech.  The Court therefore dismisses this claim with prejudice, as amendment would be futile.

### 2. Eighth Amendment Verbal Harassment

The Eighth Amendment to the Constitution prohibits "cruel and unusual" punishment. U.S. Const. amend. VIII.  Verbal harassment or abuse, including threats of bodily harm, generally are not sufficient to state an Eighth Amendment claim. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (denying a claim where prisoner failed to show that the "comments were unusually gross even for a prison setting and were calculated to and did cause him psychological damage"); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (holding that directing vulgar language at an inmate does not violate an inmate's civil rights); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (per curium) (stating that "a mere naked threat" does not constitute a "constitutional wrong").  An Eighth Amendment claim for verbal harassment might stand only if the prisoner can show that the officer acted with the intent to humiliate or endanger the inmate. *Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997); *Valandingham v. Bojorquez*, 866 F.2d 1135, 1139 (9th Cir. 1989).

Plaintiff fails to state claim for verbal harassment under the Eighth Amendment as a matter of law.  Amendment would be futile because Plaintiff alleges only verbal threats by

6

Flamm, and allegations of verbal threats alone fail to state a claim under the Eighth Amendment. *See Keenan*, 83 F.3d at 1092. Plaintiff does not allege that Flamm's statements were intended to humiliate him, *see Somers*, 109 F.3d at 622, or that they were intended to invoke retaliation against Plaintiff by fellow inmates, *see Valandingham*, 866 F.2d at 1139. Nor does Plaintiff allege that he suffered any physical harm. The Court therefore dismisses this claim with prejudice as well.

### 3. Fourteenth Amendment Due Process Violation

The Fourteenth Amendment ensures that individuals, including prisoners, will not be subject to the loss of life, liberty, or property without due process of law. U.S. Const. amend. XIV. The Court construes Plaintiff's claim as one asserting a deprivation of liberty due to Flamm's order that Plaintiff be placed in a holding cell for nearly a day. A due process violation for restraint that falls within the prisoner's sentence usually requires the plaintiff to show that the officer has imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). And "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485.

Plaintiff fails to establish that he was subjected to any loss of liberty that was unusual or posed a significant hardship on him. Regardless of whether Plaintiff failed to swallow his pill due to physical limitations, Flamm saw that the pill had not been swallowed. Flamm's ensuing response, while harsh, does not constitute a due process violation and was in response to what he perceived to be a potential violation of prison protocol in the receiving of medication by an inmate. Being held in a holding cell, even for a day, does not go beyond the ordinary incidents of prison life, and Plaintiff does not allege that he suffered any unique hardship because of the

time spent there.  While Flamm's conduct was no doubt frustrating to Plaintiff, it did not violate the Fourteenth Amendment.  This claim is also dismissed with prejudice.

**B. Count Two**

In Count Two, Plaintiff alleges that Defendant Isidro Baca, who is the Warden at Northern Nevada Correctional Center ("NNCC"), inadequately trained and supervised Defendant Flamm. (Compl. 6–7, 8–9).  Plaintiff further alleges Flamm had been transferred from Warm Springs Correction Center to NNCC because he was a "problem." (*Id.* at 6)  Plaintiff contends that there is a systemic issue with problematic corrections officers being transferred from one prison to another rather than being terminated. (*Id.* at 8).  Plaintiff further contends that James Cox, the Director of Prisons, did not instate any policies or procedures that authorized Defendant Baca or corrections officers "to threaten, oppress, or verbally intimidate Nevada prisoners at any Nevada prison or institution." (*Id.*).  Plaintiff alleges Baca's conduct violated the First and Fourteenth Amendments. (*Id.*).

The Court will dismiss count two with prejudice as to Defendant Baca.  Amendment would be futile because there are no allegations in the complaint that Baca participated in, directed, or knew of and failed to prevent the incident involving Defendant Flamm that gave rise to the alleged constitutional violations. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to prevent them.  There is no *respondeat superior* liability under [§] 1983").

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's claims pursuant to the First, Eighth, and Fourteenth Amendments under Count One are DISMISSED with prejudice, as amendment would be futile.

IT IS FURTHER ORDERED that Plaintiff's claims pursuant to the First and Fourteenth Amendments under Count Two are DISMISSED with prejudice, as amendment would be futile. The Clerk is ordered to close this case.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave (ECF No. 1) to proceed *in forma pauperis* is DENIED as moot.

IT IS SO ORDERED.

Dated: __ July 13, 2015 ___

_____
ROBERT C. JONES
United States District Judge